# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| ROBERT L. COMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:08-CV-293 PPS |
| | ) |
| HOUSING AUTHORITY OF THE CITY OF | ) |
| GARY, INDIANA, a Municipal Corporation, | ) |
| MARGO RICHMOND, MICHAEL BROWN, | ) |
| CORNELL COLLINS, REGINA GAINES, | ) |
| CLARK METZ, GERALDINE STAMPS and | ) |
| REV. RICHARD WILFORD, as Members of the | ) |
| Board of Commissioners of the Gary Housing | ) |
| Authority, ALFREDA PETERSON, individually | ) |
| and as Executive Director of the Gary Housing | ) |
| Authority, WILLIE HOLLINGSWORTH, | ) |
| individually and as Deputy Director of the Gary | ) |
| Housing Authority, and RON CARTER, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Robert Comer is a tenant in a public housing facility operated by the Gary Housing Authority (GHA). Comer is a gadfly who has spoken out about alleged improprieties at GHA. In response GHA, its board members, its directors and one of its consultants have restrained his political speech through threats and intimidation – at least that's what he claims in this case brought under Section 1983. This case is before me on two separate motions to dismiss – one filed by defendant Ron Carter (the consultant) and another filed by the remaining defendants. (DE 13, 24.) For the reasons that follow, those motions are granted in part and denied in part.

## I. BACKGROUND

Comer is a tenant of Genesis Towers, a public housing facility operated by the GHA. (Comp. ¶¶ 3-4.) As a recipient of federal grants, GHA and Genesis Towers are subject to federal

low-income housing laws and the regulations of the United States Department of Housing and Urban Development. (*Id.* ¶ 4) Genesis Towers is managed by a resident council, in accordance with HUD's policy to encourage resident management of public housing projects. *See* 42 U.S.C. § 1437r. In March 20, 2007, Comer was elected President of the Genesis Towers Resident Council ("GTRC"). (*Id.* ¶ 13.)

According to the Complaint, Comer used his elected position to expose the misappropriation of funds by GHA officials and former GTRC officers. (*Id.* ¶¶ 14-15.) Comer says he made public statements to the local press and other media that were critical of GHA, its board and managers, and Gary city officials. (*Id.* ¶ 16.) For several months, beginning in October 2007, Comer complained to HUD, GHA authorities, local public safety authorities and local media regarding issues of mismanagement, fraud, safety and security in connection with Genesis Towers. (*Id.* ¶ 17.) Comer alleges Defendants responded to his public statements by launching a campaign of retaliatory threats, harassment and public humiliation in order to silence him. (*Id.* ¶ 19.) In particular, Comer claims Ron Carter, a GHA consultant, publicly ridiculed Comer and threatened his safety in order to keep Comer away from resident meetings. (*Id.* ¶ 21.) Comer further alleges Defendants committed several HUD violations in their efforts to retaliate against him including: attempting to remove him from his elected council position; withholding GTRC funds and assistance; refusing to negotiate with GTRC on issues regarding community space and activities; and interfering with GTRC's management of its facilities. (*Id.* ¶ 20.)

Comer claims Defendants have interfered with his First Amendment right to free speech. In addition to GHA, Comer has sued all seven members of GHA's Board of Commissioners, GHA's Executive Director Alfreda Peterson and its Deputy Director Willie Hollingsworth in their official capacities. He has also sued Peterson, Hollingsworth and two of the GHA board members (Michael Brown and Cornell Collins) in their individual capacities. (Compl. ¶ 5.) In addition,

Comer is suing Ron Carter in his individual capacity, claiming he acted under color of law in his duties as a consultant to GHA. (*Id.* ¶ 25.)

**II. DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss, the Supreme Court has stated that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* In so holding, *Bell Atlantic* retired the oft-quoted statement from *Conley v. Gibson*, 2355 U.S. 41 (1957), that a complaint survives a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl.*, 550 U.S. at 560-62 (quoting *Conley*, 355 U.S. at 45-46).

The Seventh Circuit has cautioned courts not to overread *Bell Atlantic*. *See Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). *Bell Atlantic* essentially imposes "two easy-to-clear hurdles." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and upon which grounds it rests." *Id.* (internal quotations omitted). "Second, its allegations must plausibly suggest that plaintiff has a right to relief, raising the possibility above a speculative level." *Id.* (internal quotations omitted). In other words, "[a] complaint must always . . . allege enough facts to state a claim to relief that is plausible on its face . . . [but] how many facts are enough will depend on the type of case." *Limestone*, 530 F.3d at 803

3

(internal quotations and citations omitted). Moreover, "conclusory statements are not barred from federal pleadings." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008). Thus, according to the Seventh Circuit, *Bell Atlantic* did not change the basic rule; "notice pleading remains the standard." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs. Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

Comer brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress a violation of federally secured rights by a person acting under color of state law. To state a claim under Section 1983, a plaintiff must allege a violation of rights secured by the Constitution or the laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, Comer claims Defendants retaliated against him for exercising his First Amendment rights. The First Amendment, made applicable to state and local government by interpretation of the Fourteenth Amendment, prohibits a governmental entity from abridging the freedom of speech. *See DiMa Corp. v. Town of Hallie*, 185 F.3d 823, 826 (7th Cir. 1999).

In order to prevail on his Section 1983 retaliation claim, Comer must establish: (1) that he engaged in constitutionally protected speech; (2) that public officials took adverse actions against him; and (3) that the adverse actions were motivated at least in part as a response to the plaintiffs' protected speech. *See Springer v. Durflinger*, 518 F.3d 479, 482 (7th Cir. 2008). Comer's allegations plainly set forth a First Amendment retaliation claim. Comer claims he was engaged in political speech, which "has long been considered the touchstone of First Amendment protection in Supreme Court jurisprudence." *See Nat'l Coal. of Prayer, Inc. v. Carter*, 455 F.3d 783, 791 (7th Cir. 2006); *see also Buckley v. Am. Constitutional Law Found., Inc.*, 525 U.S. 182, 192 (1999) ("[T]he First Amendment requires us to be vigilant . . . to guard against undue hindrances to

4

political conversations and the exchange of ideas."). And he claims Defendants used threats, intimidation and public humiliation to silence him.

In his motion to dismiss, Carter contends that Comer's Complaint contains nothing more than HUD regulatory claims recast as First Amendment claims. Indeed, Comer alleges several violations of HUD regulations as examples of retaliation. (Compl. ¶ 20.) Specifically, Comer claims Carter tried to remove him from his position on GTRC, withheld funds and assistance from GTRC, and obtained resident input into operational decisions without consulting GRTC. *Id.*; *see also* 24 C.F.R. §§ 964.18(a), 964.150(a). Comer cannot use Section 1983 to remedy these alleged HUD violations. This is because the HUD regulations Comer points to do not confer rights on tenants, nor do they create a federal cause of action. *See Mungiovi v. Chicago Hous. Auth.*, 98 F.3d 982, 985 (7th Cir. 1996). Instead, they create financial incentives for housing authorities to allow tenants to play a role in management. *Id.* If Comer feels Carter or the other Defendants failed to comply with the applicable HUD regulations, he must complain to HUD, which in turn may respond by reducing GHA's federal grant. *Id.* But "Section 1983 cannot be used to bypass these remedies, or replace an administrative enforcement scheme with a judicial one." *Id.*

In sum, to the extent that the complaint relies on Carter's alleged violation of HUD regulations as the basis for the Section 1983 claim, it does not state a claim. But as explained above, Comer does allege adverse actions – namely, threats, intimidation and harassment – in addition to the HUD violations. So those acts may form the basis of his Section 1983 retaliation claim.

The remaining defendants argue that Comer has not alleged sufficient facts to state a claim against GHA. In order for a municipal agency to be liable under Section 1983, the municipality itself must cause the constitutional violation. *See City of Canton v. Harris*, 489 U.S. 378, 385-86

(1989). A plaintiff can establish municipal liability by proving the deprivation was caused by either: (1) a municipality's express policy; (2) a widespread practice so permanent and well-settled as to constitute a custom or usage within the municipality; or (3) a person with final policymaking authority for the municipality. *See Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008). The Court reads Comer's complaint as alleging the third method, and Comer confirms as much in his opposition brief. (DE 27 at 9-10.) In Indiana, the final policymaking authority for public housing agencies rests with the agency's commissioners. *See* IND. CODE § 36-7-18-1.5. Comer claims that GHA was directly involved in the intimidation, threats and harassment against him, but does not specifically point to any individual commissioners who violated his First Amendment rights. (Compl. ¶ 19.) He only states that, when he complained to the commissioners, they did nothing to protect him. (*Id.* ¶¶ 22, 26-27.) While these allegations leave out some details about the extent of GHA's involvement in the retaliatory conduct, the Supreme Court has cautioned courts against dismissing Section 1983 municipal liability claims for lack of factual specificity. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 169-69 (1993); *McCormick v. City of Chicago*, 230 F.3d 319, 324-26 (7th Cir. 2000). Since Comer has alleged enough facts to give GHA notice of his municipal liability claim, he may pursue his case against GHA.

Comer may not, however, also pursue his claim against Defendants in their official capacities. It would be pointless since claims against government officers in their official capacities are actually claims against the governmental entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Comer insists it is necessary to sue Defendants in their official capacities to bind them individually to any injunctive relief he may obtain in this case. But since municipalities can be sued directly for damages and injunctive or declaratory relief, there

is no need to sue local officials in their official capacity in addition to their local government units. *Graham*, 473 U.S. at 167, n.14; *see also Schmidling v. City of Chicago*, 1 F.3d 494, 495, n.1 (7th Cir. 1993). Comer has named GHA as a defendant in this case. Therefore, his official capacity claims against the GHA board members and directors are redundant and should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss [DE 13, 24] are **GRANTED IN PART** and **DENIED IN PART**. Defendants Margo Richmond, Regina Gaines, Clark Metz Geraldine Stamps, and Reverend Richard Wilford are **DISMISSED** from this action in their entirety because the only claims against them were brought in their official capacity. Likewise, Plaintiff's official capacity claims against Defendants Michael Brown, Cornell Collins, Alfreda Peterson and Willie Hollingsworth are also **DISMISSED.** What remains are Comer's Section 1983 First and Fourteenth Amendment retaliation claims against Defendant Gary Housing Authority and Defendants Brown, Cornell, Peterson, Hollingsworth and Ron Carter in their individual capacities.

**SO ORDERED.**

Dated: May 6, 2009.

                                        s/ Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT